UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

K.R., a minor, by and through his parent
and natural guardian, Kali Proctor,
G.H., a minor, by and through her parent
and natural guardian, Katelyn Hansen,
P.K., a minor, by and through his parent
and natural guardian, Roynetter Birgans,
L.G., a minor, by and through her parent
and natural guardian, Desmond Gilbert,

    Plaintiffs,

v.

Duluth Public Schools Academy
d/b/a Duluth Edison Charter Schools,

    Defendant.

Case No. 19-cv-00999 (DWF / LIB)

**UNCONTESTED PETITION TO APPROVE MINOR SETTLEMENT UNDER MINN. STAT. § 540.08**

---

Plaintiff G.H., a minor born in 2007, by and through her parent and legal guardian Katelyn Hansen and undersigned counsel, for her Petition to Approve Minor Settlement, states and alleges as follows:

**FACTUAL BACKGROND**

1. Four plaintiffs, including G.H., brought suit against Duluth Public Schools Academy, known as Duluth Edison Charter Schools ("Defendant"), by and through their parents, seeking compensation for damages related to incidents of alleged racial discrimination and retaliation that occurred at Defendant schools. The suit includes allegations that Defendant discriminated against G.H. based on her race, retaliated against her based on her race, subjected G.H. to discriminatory discipline, and fostered a hostile

educational environment, in violation of Title VI of the Civil Right Acts of 1964; the Minnesota Human Rights Act; and the Fourteenth Amendment of the United States Constitution.

2. Defendant denies these allegations.

3. The parties have engaged in substantial discovery in this matter, producing over 33,000 pages of electronic files collectively. (Bailey Decl. ¶ 3.) Fifteen of Defendant's current and former employees have been deposed, many of whom were fact witnesses relating to G.H.'s allegations. (*Id.* ¶¶ 4–6.) Defendant deposed G.H. and Katelyn Hansen on December 7, 2020, as well as other Plaintiffs, guardians, and witnesses. (*Id.* ¶ 5.) Discovery ends June 15, 2021. (*See* ECF No. 72.)

4. Plaintiffs have engaged two experts in this matter and produced reports for both related in part to G.H.'s claims. (Bailey Decl. ¶ 7.)

5. The parties have engaged in non-dispositive motion practice. Both parties moved to compel, and Defendant moved to sever. (*See* ECF Nos. 19, 46, 62.) All dispositive motions are due to be filed, served, and scheduled before August 15, 2021. (*See* ECF No. 72.)

6. The parties, accompanied by counsel and Defendant's insurer, attended mediation on March 12, 2021. (Bailey Decl. ¶ 8.) As a result of this mediation, Plaintiff G.H. and Defendant agreed to settle G.H.'s claims. (*See* Settlement Agreement, **Exhibit A**.) Subject to the approval of this Court, Defendant and Plaintiff G.H. agreed to resolve G.H.'s claims with a payment of $192,500, in exchange for G.H.'s agreement to release and dismiss her claims with prejudice. The claims of the remaining three Plaintiffs remain

intact. (Bailey Decl. ¶ 9.)

7.   Pursuant to the Settlement Agreement, the parties propose that payment be made by a single check in the amount of one-hundred ninety-two thousand five-hundred dollars and no cents ($192,500.00) payable to G.H.'s counsel Nichols Kaster, PLLP for further distribution as described below. This settlement is subject to the approval of this Court and is intended to be full and final satisfaction of all of G.H.'s claims against Defendant, including known and unknown injuries or unforeseen consequences of known injuries, arising out of the allegations in this action.

8.   Plaintiff G.H. proposes that the $192,500 settlement should be distributed pursuant to her legal services agreement with her counsel (**Exhibit B**) as follows:

   a)   $94,254.56 to G.H.;

   b)   $77,000.00, or 40%, to counsel in payment of attorneys' fees; and

   c)   $21,245.45, to reimburse for her share of litigation expenses.

(Bailey Decl. ¶ 11.)

9.   Plaintiff G.H. proposes that her portion of the proceeds be distributed as follows:

   a)   $87,424.56 distributed to an account under the Uniform Transfers to Minors Act ("UTMA") in G.H.'s name to be invested for G.H. and released no earlier than her eighteenth birthday.

   b)   $3,000 released to her mother and guardian to contribute to the purchase of a car for G.H. at the end of 2023 for her sixteenth birthday.

      c)      $3,830 released to G.H.'s mother and guardian to pay for an educational school trip to Europe sponsored by her current school. These funds will cover flight, lodging, on-tour transportation, tours, activities, food, and spending.

(Hansen Decl. ¶¶ 3–6.)

    10.    Ms. Hansen swears and affirms to use any proceeds released to her for the purposes and in the matter described above and for no other purpose. (*Id.* ¶¶ 7–9.)

    11.    Plaintiff G.H. now seeks the approval of the settlement and her requested use of the funds.

    12.    Defendant's counsel has reviewed and consented to the filing of this Motion. (Bailey Decl. ¶ 15.)

## **ANALYSIS**

In Minnesota, parents have a statutory right to bring and maintain a legal action on behalf of their minor, injured children. Minn. Stat. § 540.08.[1] But, the Court must approve any "settlement or compromise of the action." *Id*. Before a parent may receive property as a result of an action on their minor child's behalf, the parent must petition the Court to approve the method of collection. *Id*. Specifically, "the court may order that the property

---

[1] District of Minnesota Local Rule 17.1 orders this Court to follow Minnesota state court procedures for approving settlements, but this rule only applies to diversity actions or actions for wrongful death. Because this is neither, Local Rule 17.1 does not apply to G.H.'s settlement. Likewise, Minnesota Rule of General Practice 145 does not apply to the instant petition because this is a federal action that does not fall under Local Rule 17.1, and because this is not a personal injury. In the absence of diversity, this Court applies federal procedural rules and the substantive law of the forum state.

received . . . be invested in a savings account, saving certificate, certificate of deposit, or share certificate, in a bank, savings association, trust company, credit union . . . , or an annuity or other form of structured settlement." *Id*. A settlement is not "valid unless it is approved by a judge of the court in which the action is pending." *Id*.

G.H. is a minor child, and these claims were brought on her behalf by her mother, Katelyn Hansen. Not including legal expenses reimbursed and fees paid to the law firms,[2] all of the settlement payment to Katelyn Hansen on behalf of G.H. will benefit G.H. Ms. Hansen believes her daughter will benefit from the educational and cultural enrichment opportunities provided by the school trip and from the independence and flexibility provided by the vehicle expenditure described above in Paragraph 9. (Hansen Decl. ¶¶ 7–8.) Moreover, as contemplated by section 540.08, the majority of G.H.'s portion of settlement proceeds will be invested for her benefit in a UTMA account in her name until she reaches the age of majority.

The responsibility for preserving and investing the settlement payment for G.H.'s use rests solely with Ms. Hansen, as G.H.'s parent and UTMA account custodian, and Ms. Hansen has sworn to uphold her responsibilities under this petition. (*Id.* ¶ 9.) Ms. Hansen believes that the proposed settlement and distribution is in her daughter's best interests and should be accepted, pursuant to the approval of this Court, rather than putting her minor daughter through the burdens, expenses, pressures, delays, and uncertainty of further

---

[2] Plaintiffs' counsel believes the fees charged and the costs expended are fair and reasonable based on the extensive discovery in this case, the degree of litigation, and the terms of the legal services agreement. (*See* Bailey Decl. ¶ 14; Exhibit B.)

litigation and the trial of G.H.'s claims against Defendant. (*Id.* ¶¶ 7–8.) G.H. has been fully advised that she has a right to fully litigate this matter, including at trial, and she supports this settlement. (*Id.* ¶¶ 2, 10.)

## CONCLUSION

Because the terms of this settlement agreement are appropriate, in G.H.'s best interests, and because they comply with Minnesota Statute section 540.08, Plaintiff G.H. asks this Court to approve the foregoing proposed distribution and minor settlement. Upon the Court's order, Defendant shall transfer the settlement proceeds pursuant to the parties' agreement. In return, Plaintiffs' counsel will submit a stipulation of dismissal with prejudice as it relates to G.H.'s claims.

Dated: July 1, 2021	**NICHOLS KASTER, PLLP**

/s/Melanie A. Johnson
Matthew H. Morgan, MN Bar No. 304657
Rebekah L. Bailey, MN Bar No. 0389599
Melanie A. Johnson, MN Bar No. 0400814
Laura A. Baures, MN Bar No. 0392081
4700 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone (612) 256-3200
Fax (612) 338-4878
morgan@nka.com
bailey@nka.com
mjohnson@nka.com
lbaures@nka.com

**PUBLIC JUSTICE, P.C.**
Adele P. Kimmel, *pro hac vice*
Alexandra Z. Brodsky, *pro hac vice*
1620 L Street NW

Suite 630
Washington, DC 20036
Telephone (202) 797-8600
Fax (202) 232-7203
akimmel@publicjustice.net
abrodsky@publicjustice.net

**ATTORNEYS FOR PLAINTIFFS**