UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

K.R., et al.,

           Plaintiffs,

v.

Duluth Public Schools Academy,

           Defendant.

Case No. 19-cv-999 (DWF/LIB)

**ORDER**

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636, and upon Plaintiffs' Motion to Compel. [Docket No. 85]. The Court took Plaintiffs' Motion to Compel under advisement on the written submissions of the parties. (Order [Docket No. 99]).

For the reasons discussed below, Plaintiffs' Motion to Compel, [Docket No. 85], is **GRANTED**.

## I.     Background

Plaintiffs are four "elementary and middle-school aged" students of Defendant who are "African American or biracial" and who have described themselves in their Amended Complaint as "students of color." (Amended Compl., [Docket No. 12], at 1). At the time they filed the present action, Plaintiffs were all minors identified as K.R., G.H., P.K., and L.G. (Id.). Plaintiffs are all current or former students of Defendant which operates two school campuses in the city of Duluth, Minnesota: its Raleigh campus and its North Star campus. (Id. at 6–7).

K.R. is a former student of Defendant who attended school at the Raleigh campus for kindergarten, first grade, and part of second grade. (Id. at 5). When Plaintiffs initiated the present case, G.H. was a current student of Defendant who had attended school at the Raleigh campus

since kindergarten in 2014, and P.K. was a current student of Defendant who had attended school at the North Star campus since kindergarten in 2012. (Id. at 5–6). L.G. is a former student of Defendant who attended kindergarten and part of first grade at the North Star campus. (Id.).

Plaintiffs allege that they "have experienced pervasive race discrimination and harassment at [Duluth Edison Charter Schools] by both staff and students." (Id. at 1). Plaintiffs allege that despite being aware of the pervasive racial discrimination and abuse in its schools, Defendant has failed to take any meaningful steps to stop the harassment and ensure the safety of Plaintiffs; ignored complaints of the pervasive race discrimination; encouraged racial hostility by disproportionally disciplining students of color; and punished those persons who sought to report racial harassment. (Id. at 2–4).

Based on the factual allegations in their Amended Complaint, Plaintiffs raise various causes of action. Plaintiffs collectively allege, through 42 U.S.C. § 1983, that Defendant maintains unconstitutional customs, policies, and practices which give rise to claims of Denial of Equal Protection, Race Discrimination, and Failure to Train. (Id. at 38–40). Plaintiffs also collectively assert a claim of Racial Discrimination under Title VI based on the allegedly pervasive racial harassment experienced at both campuses of which Defendant was allegedly aware. (Id. at 40–43). Plaintiffs collectively allege a claim of Racial Discrimination under the Minnesota Human Rights Act based on Defendant's "conduct, customs, policies, and practices," which Plaintiffs allege were unjust and discriminatory. (Id. at 43–44). Plaintiffs G.H. and L.G. also each separately raise a Retaliation claim under Title VI, as well as, a Reprisal claim under the Minnesota Human Rights Act. (Id. at 44–48).

On May 13, 2021, Plaintiffs served their "Interrogatories to Defendant (Set II)" upon Defendant, including Interrogatory No. 15 which is at issue in the present Motion. (Exhibit A [Docket No. 88-1]). As initially served Plaintiffs' Interrogatory No. 15 read as follows:

>**Interrogatory No. 15.** Identify and describe, including the date and employees involved, all incidents in which the district suspended a student for engaging in race discrimination, race harassment, or bullying on the basis of race. Include the racial identity of the offender(s) and cite the bates number(s) associated with any related written referral if such referral has been produced.

(Id. at 4).

On June 14, 2021, Defendant served its "Answers to Plaintiffs' Interrogatories (Set II)" upon Plaintiffs. (Exhibit B [Docket No. 88-2]). Defendant's response to Interrogatory No. 15 reads as follows:

>**OBJECTION:** This Interrogatory is objected to on the basis that it seeks information regarding matters irrelevant to the subject matter involved in this action and is not proportional to the needs of the case. The burden and expense of responding to this Interrogatory greatly outweighs its likely benefit, as this Interrogatory in not limited in time or scope in any way. The same scope of discovery applicable to Request for Production under Rule 34 applied to Interrogatories under Rule 33. The Court has already entered an Order (ECF No. 73) denying Plaintiffs' motion to compel production of student records on the basis that the Request was overly broad as the discovery sought would necessarily contain an abundance of irrelevant information. This Interrogatory is deficient for the same reasons discussed by the Court in ECF No. 73.

(Exhibit B [Docket No. 88-2]).

The parties then engaged in communications regarding Interrogatory No. 15. (Exhibit E [Docket No. 88-5]). In these communications, Plaintiffs agreed to limit Interrogatory No. 15 "to inquiring about suspensions relating only to those incidents for which Defendant produced referral data, found most easily in the summary exhibit produced with Ms. Khalil's report." (Id. at 4).[1] Plaintiffs later agreed to further limit Interrogatory No. 15 to "those incidents represented on the summary exhibit that occurred between September 2016 and January 2020." (Id. at 2). Finding these limitations insufficient, Defendant continues to object to Interrogatory No. 15.

---

[1] This "summary exhibit" is a list of incidents quoted from documents Defendant produced in discovery. (Exhibit F [Docket No. 89]). Plaintiffs produced the list as a "summary exhibit" to Defendant in connection with Plaintiff's expert report by Naomi Khalil. (See, Plfs.' Mem., [Docket No. 87], at 5). The "summary exhibit" is a list of incidents which Plaintiffs have apparently identify as discriminatory or racial charged. (See, Exhibit F [Docket No. 89]). Each quote is identified by the Bates number of the discovery from which it was taken. (Id.).

3

## II. Standard of Review

Federal Rule of Civil Procedure 26(b)(1) states:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

However, "discovery may not be had on matters irrelevant to the subject matter involved in the pending action." Miscellaneous Docket Matter #1 v. Miscellaneous Docket Matter #2, 197 F.3d 922, 925 (8th Cir. 1999); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); see also, Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992) (Rule 26 "is liberal in scope and interpretation, extending to those matters which are relevant").

"On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). For such a motion, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

Federal Rule of Civil Procedure 37(a)(3) provides for various motions to compel disclosure or compel discovery depending on the nature of the failure by the other party. Specifically, the Court may compel a discovery response if "a party fails to answer an interrogatory submitted under Rule 33," or if "a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv).

## III. Plaintiffs' Motion to Compel. [Docket No. 85].

Through their present Motion, Plaintiffs seek an Order of this Court compelling Defendant to fully respond to Interrogatory No. 15 as limited to suspensions related to the

4

incidents listed in the Summary Exhibit, [Docket No. 89], which occurred between September 2016, (the first time one of the Plaintiffs attended one of Defendant's schools) and January 2020 (the last time one of the Plaintiffs attended one of Defendant's schools). Plaintiffs contend that the discovery sought, specifically whether any student was suspended for their participation in an alleged discriminatory incident, is relevant to Plaintiffs' allegation that Defendant was aware of the discriminatory conduct but took no action to protect Plaintiffs from similar discriminatory conduct. Plaintiffs further allege that it is relevant to their allegations of enduring a racially hostile environment while attending Defendant's schools.

Defendant argues that the information sought by Interrogatory No. 15 is neither relevant nor proportional to the present action. In support of their relevancy assertion, Defendant relies on the fact that none of the incidents in the Summary Exhibit involve any Plaintiffs and that there has been no showing that Plaintiffs were aware of the incidents at the time said incidents occurred. In support of its proportionality argument, Defendant asserts that the information sought "will not help resolve the issues presented in this case" because, according to Defendant, Plaintiffs are not permitted to cite such evidence in support of their claims.[2]

"Title VI of the Civil Rights Act of 1964 provides that '[n]o person in the United States shall, on the grounds of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.'" Doe v. Blake Sch., 310 F. Supp. 3d 969, 980 (D. Minn. 2018)

---

[2] Defendant also argues that Plaintiffs' present Motion should be denied because oral arguments on said Motion were scheduled to be heard after the non-dispositive heard by deadline set in the present case. (See, Def.'s Mem., [Docket No. 96], at 7–8). Defendant's argument here is without merit. As the Court has previously explained, if a hearing on a timely made motion is required to be scheduled after a heard by deadline because of the lack of availability on the Court's calendar, the scheduling party is not in violation of the scheduling order. Plaintiffs called the undersigned's chambers in sufficient time to have the present Motion heard before the nondispositive motions deadline, i.e., Plaintiffs contacted the undersigned's chambers more than fourteen days before the nondispositive motions deadline. Thus, Plaintiffs' present Motion is timely. It was solely an operation of the lack of availability on this Court's calendar which required the hearing on the present Motion to be scheduled for after the nondispositive motions deadline.

(quoting 42 U.S.C. § 2000d). "To establish the elements of a prima facie case under Title VI, a complaining party must demonstrate that his/her race, color, or national origin was the motive for the discriminatory conduct." Horde v. Elliot, No. 17-cv-800 (WMW/SER), 2017 WL 987683, at *10 (D. Minn. Jan. 9, 2018) (quoting Thompson v. Bd. of Special Sch. Dist. No. 1, 144 F.3d 574, 581 (8th Cir. 1998)), report and recommendation adopted, 2018 WL 985294 (D. Minn. Feb. 20, 2018). "A plaintiff may prove unlawful racial discrimination through either direct or circumstantial evidence." Lucke v. Solsvig, 912 F.3d 1084, 1087 (8th Cir. 2019) (citing Young v. Builders Steel Co., 754 F.3d 573, 577 (8th Cir. 2014)).

If a plaintiff provides proof through circumstantial evidence, the plaintiff must proceed under the framework laid out in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See, Lucke v. Solsvig, 912 F.3d 1084, 1087 (8th Cir. 2019). "Under McDonnell Douglas, a plaintiff may establish a prima facie case of racial discrimination through evidence giving rise to an inference that she [or he] has been intentionally discriminated against because of her [or his] race." Lucke v. Solsvig, 912 F.3d 1084, 1087 (8th Cir. 2019) (citing Young v. Builders Steel Co., 754 F.3d 573, 577 (8th Cir. 2014)).

> The Eighth Circuit Court of Appeals has explained the process as follows:
>
> If a plaintiff succeeds in establishing her prima facie case, the defendant must then show a "legitimate, non-discriminatory reason" for the challenged conduct. Young, 754 F.3d at 577-78. Legitimate, non-discriminatory reasons must be "clear and reasonably specific." Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 258, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). . . . . Should the defendant articulate such a reason, the burden shifts back to the plaintiff to show that the offered reason is pretextual. Young, 754 F.3d at 578. This requires more than merely disputing the reason; the plaintiff must present evidence "that the reason was false, and that discrimination was the real reason." Ryther v. KARE 11, 108 F.3d 832, 838 n.5 (8th Cir. 1997) (emphasis omitted) (quoting St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993)).
>
> The plaintiff may show pretext either through discrediting the proffered reasons or through showing "that a discriminatory reason more likely motivated the [defendant] . . . ." White v. McDonnell Douglas Corp., 985 F.2d 434, 436 (8th

6

>Cir. 1993) (quoting Burdine, 450 U.S. at 256, 101 S.Ct. 1089). In this Court, "the applicable standard . . . on summary judgment . . . 'require[s] only that [the] plaintiff adduce enough admissible evidence to raise a genuine doubt as to the legitimacy of the defendant's motive, even if that evidence [does] not directly contradict or disprove [the] defendant's articulated reasons for its actions.'" Strate v. Midwest Bankcentre, Inc., 398 F.3d 1011, 1021 (8th Cir. 2005) (alterations in original) (emphasis omitted) (quoting Davenport v. Riverview Gardens Sch. Dist., 30 F.3d 940, 945 n.8 (8th Cir. 1994)).

Lucke, 912 at 1088. Although this framework is most often employed in the context of Title VII, the Eighth Circuit has specifically noted that it applies "its burden shifting framework when analyzing racial discrimination claims in a host of other contexts," including Title VI claims. (See, Id.) (collecting cases).

As now limited by Plaintiffs, Interrogatory No. 15 seeks information relevant to the claims and defenses in the present case. Interrogatory No. 15, as now limited, seeks information regarding whether or not students were suspended for specific actions which Plaintiffs believe are discriminatory in nature. There is a discrete list of incidents in the Summary Exhibit, and each of the incidents is identified by Bates Number. Further, Interrogatory No. 15 has been limited to a time frame when at least one Plaintiff was attending Defendant's schools.

In the discussion between the parties, Defendant referenced this Court's previous Orders as support for finding Interrogatory No. 15 to be overly broad, even as limited by Plaintiffs. Interrogatory No. 15, however, substantially varies from the discovery requests discussed in this Court's previous Orders. For example, the Court previously denied Plaintiffs' request to compel a response to Request for Production No. 24 finding that Request for Production No. 24 was overly broad because it would have required Defendant to identify every student who has attended either of Defendant's campuses since April 10, 2013, and Defendant would have needed to compile the requested information on each of these students. This is markedly different than Interrogatory No. 15 which has been limited to a discrete number of incidents, a

7

discrete number of students, and two inquires per incident: was the offender suspended and what was the racial identity of the offender.

The question in the present Motion is not, as Defendant appear to argue, whether or not the information sought by Plaintiffs will satisfy their burden as set forth above. The question is whether or not the information sought by Plaintiffs is sufficiently relevant to a claim or defense in the present case, including Plaintiffs' burden set forth above. Information sought in response to Interrogatory No. 15, as limited by Plaintiffs, is relevant, at a minimum, to Plaintiffs discrediting of any "legitimate, non-discriminatory" reasons Defendant proffers to explain its alleged conduct.

### IV. Conclusion

Therefore, for the foregoing reasons, and based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiffs' Motion to Compel, [Docket No. 85], is **GRANTED**; and

2. As soon as possible and in any event by no later than fourteen days from the date of this Order, Defendant shall respond to Interrogatory No. 15, as limited by Plaintiffs.

Dated: September 17, 2021                         s/Leo I. Brisbois
                                                  Hon. Leo I. Brisbois
                                                  U.S. MAGISTRATE JUDGE