UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| K.R., a minor, by and through his parent and natural guardian, Kali Proctor,<br>G.H., a minor, by and through her parent and natural guardian, Katelyn Hansen,<br>P.K., a minor, by and through his parent and natural guardian, Roynetter Birgans,<br>L.G., a minor, by and through her parent and natural guardian, Desmond Gilbert,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>Duluth Public Schools Academy d/b/a Duluth Edison Charter Schools,<br><br>　　　　Defendant. | Case No. 19-cv-00999 (DWF / LIB)<br><br><br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR FURTHER CONSIDERATION OF SEALING UNDER LR 5.6(d)(3)** |

On October 18, 2021, the Court ordered 72 temporarily sealed exhibits related to the minor children be unsealed. (ECF No. 155.) Plaintiff now seeks reconsideration of that order relating to eight of the exhibits because they are sensitive, private, and of limited value to the public relating to the claims and defenses in this case, specifically the Court's decision on summary judgment. The **eight** exhibits Plaintiffs' request reconsideration for are:

- **ECF No. 111**: Ex. DD
- **ECF No. 113:** Ex. HH
- **ECF No. 115**: Ex. II
- **ECF No. 117**: Ex. III
- **ECF No. 135-61:** Ex. 89
- **ECF No. 135-33:** Ex. 52

- **ECF No. 135-28**: Ex. 45
- **ECF No. 135-23**: Ex. 40

## RELEVANT BACKGROUND

Plaintiffs are minor children who allege that they endured discrimination, harassment, and a hostile educational environment while attending Duluth Edison Charter Schools ("Defendant"). After extensive discovery, Defendant moved for summary judgment. (ECF No. 106.) In connection with the motion, Defendant filed under temporary seal **four** unredacted exhibits about the minor Plaintiffs, including educational, disciplinary, and children welfare records.

Plaintiffs responded to Defendant's motion on September 3, 2021, and filed under temporary seal 69 partially redacted exhibits in connection with their response, including Plaintiffs' Exhibits 40, 45, 52, and 89. After filing, the parties jointly reviewed each of the 73 temporarily sealed exhibits and proposed which exhibits should remain under seal. (ECF No. 154.)

During this process, Plaintiff P.K. settled his claims and filed his petition for settlement approval with the court, (ECF No. 156). The Court granted his petition, (ECF No. 17-), mooting the summary judgment challenges as to his claims personally. A stipulation of dismissal is forthcoming. This case continues with claims brought by K.R. and L.G.

On October 18, 2021, the Court denied all but one of the parties' requests for continued and ordered a single exhibit—a photograph of minor plaintiff P.K.—to be

permanently sealed. (ECF No. 155.) The Court ordered 72 exhibits to be unsealed no later than November 15, 2021, including:

**ECF No. 111: Def's Ex. DD**

This exhibit is a 33-page fully unredacted document containing minor plaintiff P.K.'s Individual Education Program (IEP) plan, including irrelevant and extremely private educational and health information about P.K. medical conditions, many of which existed before the events giving rise to his complaint. As stated above, P.K. has since settled his claims and is in the process of dismissing his claims. Defendant cites this exhibit just once, as unnecessary supplemental support for the factually irrelevant and undisputed proposition that "P.K. was a special education student at DECS, with an Individual Education Plan ("IEP") under the federal category of visual impairment." (ECF No. 109, at 16.)  P.K. did not at any time assert causes of action for disability discrimination or for violations of his right under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(1).

**ECF No. 113: Def's Ex. HH**

This exhibit is 61-page fully unredacted document containing irrelevant private educational and discipline data about minor plaintiff P.K. and other minor children not related to this lawsuit. P.K. has since settled his claims and is in the process of dismissing his claims. Defendant cites this document, spanning six years of the minor plaintiff's life, broadly to support the contention that "[T]he discipline records show that P.K. regularly engaged in inappropriate conduct for a school setting." (ECF No. 109, at 17.)  P.K.'s claims, when they were active, centered on

the discipline he experienced once he attended middle school. Discipline records spanning back to his kindergarten years are personal and irrelevant.

**ECF No. 115: Def's Ex. II**

This exhibit is a 28-page fully unredacted document containing irrelevant private educational and discipline data about minor plaintiff P.K. and other minor children not related to this lawsuit. P.K. has since settled his claims and is in the process of dismissing his claims. Both parties cited portions of this 28-page exhibit throughout briefing. (ECF Nos. 109, 129 (*redacted*).) Nonetheless, the full exhibit contains personal and private information about the disciplinary conduct and history of multiple minor children—beyond just that of minor plaintiff P.K.—that should be protected from public disclosure.

**ECF No. 117: Def's Ex. III**

This exhibit is a three-page document, unredacted as to minor plaintiff L.G.'s private personal information, detailing child welfare intake summary from St. Louis County. Defendant needed a court-order from this Court to obtain this information, (ECF No. 43.) Defendant cites this document as unnecessary support to a proposition already supported by the deposition testimony of the individual who made the report. (ECF No. 109, at 31.) Moreover, plaintiff L.G. is no longer pursuing her retaliation claim, (*see* Pls.' Summ. J. Resp. 37 n.33, ECF No. 128), which was the claim to which the CPS report related. The Court need not consider it to make its determination on the Motion before it.

**ECF No. 135-61: Plfs' Ex. 89**

> This exhibit is a three-page document containing private health and personal information from minor plaintiff P.K.'s therapy sessions. P.K. has since settled his claims and is in the process of dismissing his claims. Plaintiff cites this document just once as supplemental support for the proposition: "P.K. was diagnosed with generalized anxiety disorder and continues to experience the lasting impacts of the trauma he experienced at DECS." (ECF No. 129 (*redacted*) at 31.) Plaintiffs are not aware of this fact being in dispute even before P.K. settled his claims..

**ECF No. 135-33: Plfs' Ex. 52**

> This exhibit is a four-page document containing private health and personal information from minor plaintiff K.R.'s therapy sessions. Plaintiff cites portions of this document throughout their response. (ECF No. 129.) Nonetheless, the full exhibit contains personal and private information about a minor child's mental health treatments that should be protected from public disclosure.

**ECF No. 135-28: Plfs' Ex. 45**

> This exhibit is a two-page document containing private health and personal information from minor plaintiff L.G.'s Health Office Visit Report. Plaintiff cites this exhibit as support for two propositions related to the district's awareness of certain injuries. (ECF No. 129.) Nonetheless, the full exhibit contains information about a minor child's health care that should be protected. Defendant publicly filed a version of this document with all non-relevant information about L.G.'s health care redacted, so this information is already available to the public. (Defendant's Exhibit EEE, ECF No. 110-54.)

**ECF No. 135-23: Plfs' Ex. 40**

> This exhibit is a six-page letter to Katelyn Hansen containing private educational and disciplinary information about two minors, including Ms. Hansen's son, who was never a plaintiff in this lawsuit. Plaintiff cites this exhibit as support solely for the *timeline* of a particular investigation referenced. (ECF No. 129 at 15.) Ms. Hansen's daughter settled her claims against the district this summer.

Plaintiffs now move for further consideration of sealing pursuant to Local Rule 5.6(d)(3). Defendant does not oppose Plaintiffs' motion.

## **LEGAL STANDARD**

Motions for further consideration of sealing are governed by Local Rule 5.6(d)(3). "There is a common law right of access to judicial records, which includes the public's right to access documents that are submitted to the Court and that form the basis for judicial decisions." *Skky, LLC v. Facebook, Inc.*, 191 F. Supp. 3d 977, 980 (D. Minn. 2016) (internal quotation marks omitted). Determining whether an exhibit should remain sealed "requires a weighing of competing interests." *Feinwachs v. Minnesota Hosp. Assn.*, No. 11-CV-8 (JRT/SER), 2018 WL 882808, at *3 (D. Minn. Feb. 13, 2018) (quoting *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990)). The more relevant information is to the Court's resolution of the dispute at issue, the more weight must be assigned to the public's right to access that information. See *IDT Corp. v. eBay*, 709 F.3d 1220, 1224 (8th Cir. 2013). Specifically, this Court "must consider the degree to which sealing a judicial record would interfere with the interests served by the common-

law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *Id.* at 1223.

## ARGUMENT

### I) THE COURT SHOULD PROTECT THE EDUCATION AND MEDICAL RECORDS OF MINOR CHILDREN.

The Court may protect a party—or any other person—from "annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). Unsealing these eight exhibits in particular will unnecessarily embarrass the minor plaintiffs by revealing their private educational, disciplinary, medical, mental health, and social services details to the public well beyond the breadth of the material facts that the Court must consider at summary judgment—e.g., specifics about P.K.'s educational and medical needs in P.K.'s IEP, (Defendant's Exhibit DD); or details about P.K. and K.R.'s therapy sessions in their mental health records, (Plaintiffs' Exhibits 89 and 52).

Unsealing these exhibits would also embarrass other minor children *not* involved in this lawsuit by exposing their private educational and disciplinary data—e.g., P.K.'s disciplinary records, which discuss the behavior of other students as well, (Defendant's Exhibits HH and II), or the letter to Ms. Hansen discussing her two minor children's disciplinary histories, (Plaintiffs' Exhibit 40), one of which was never a plaintiff in this lawsuit. P.K. and G.H.'s claims have been settled, and while their experiences inform Plaintiffs' presentation of evidence that a hostile school environment existed at Duluth Edison, the particulars of their referrals and investigations are no longer in question.

Moreover, personal medical information is "typically . . . subject to an order to seal." *Skky,* 191 F. Supp. 3d at 981. Defendant's Exhibit DD and Plaintiffs' Exhibits 45, 52, and 89 contain private medical information about the minor plaintiffs, including information about diagnoses, disabilities, and other lifelong conditions. This information should not publicly filed merely because the plaintiffs asserted their right in this lawsuit to an educational environment free from racial discrimination.

Finally, all eight exhibits should remain under seal in light of public policy, which protects the privacy interests of children. This "heightened interest in protecting the privacy interests of minors" can outweigh the heightened public interest in access to materials on a dispositive motion. *Benner v. St. Paul Pub. Schs., ISD No. 625*, Civ No. 017-CV-01568-SRN-KMM, 2019 WL 259637, at *2 (D. Minn. Jan. 18, 2019). In *Benner*, the Court granted a motion to seal educational records and school documents filed in connection with a motion for summary judgment, reasoning that even these partially-redacted documents could "reveal enough information for someone in the school community to identify the students at issue." 2019 WL 259637, at *2. The Court also sealed other documents, such as deposition transcripts, which contained data sufficient to identify students, finding that the "interest in maintaining confidentiality is . . . substantial." *Id*. Similarly, in *Charnesky v. Lourey*, the Court ordered minor plaintiff's medical records to remain under seal, reasoning that the disabled child's privacy interests were "particularly heightened" in part because "he was a minor when the case was filed." No. 18-cv-2748 (ECT/KMM), 2019 WL 1505995 (D. Minn. Apr. 5, 2019); *see Webster Groves*, 898 F.2d at 1377 (affirming the district court's decision to seal medical and educational records regarding a minor's

disability and recognizing the existence of a "strong public policy [that] applies forcefully to students classified as handicapped because of a learning disability or some other disability that affects their educational progress").

The strong policy favoring protecting medical records and records involving minors from disclosure outweighs the public's right to this information.

## II) THE PUBLIC DOES NOT HAVE A RIGHT TO DOCUMENTS THAT ARE OF LIMITED RELEVANCE TO THE QUESTION BEFORE THE COURT.

Several of these exhibits are irrelevant to the Court's ruling on Defendant's motion for summary judgment and should therefore remain sealed. Moreover, documents that are "ancillary" to the "resolution of the case on the merits" are not judicial records carrying the presumption of public access. *Krueger v. Ameriprise Fin., Inc.*, 2014 WL 12597948, at *4 (D. Minn. Oct. 14, 2014) (quotations omitted). Even judicial records may be sealed if the public's interest in transparency for purposes of "scrutinizing the work of the federal courts" can be maintained so long as the information relevant to the question before the court remains otherwise publicly available. *Benner*, 2019 WL 259637, at *2 (sealing exhibit containing health information about non-party children).

First, Defendant's Exhibits DD, HH and II and Plaintiffs' Exhibit 89 all relate to minor plaintiff P.K., who has settled his claims since the summary judgment motion, response, and reply were filed. Because the Court will not be ruling on summary judgment for P.K., the public's right to access information supporting his claims is diminished, and the exhibits should therefore remain under seal.

Second, Plaintiffs' Exhibit 45 contains private health care information related to L.G.; but much of this information is entirely irrelevant to the claims being decided by the Court on summary judgment, and all relevant information is already available to the public through partially-redacted version of the same document publicly filed by Defendant. (Defendant's Exhibit EEE, ECF No. 110-54.)

Third, Defendant's Exhibit III contains a child welfare intake summary related to L.G. and her parent; but L.G. has since dropped the retaliation claims related to child protection raised in the Amended Complaint. Because Plaintiffs' Exhibit 45 will not "form the basis for judicial decisions," *Skky,* 191 F. Supp. 3d at 980, it is irrelevant to the claims before the Court on summary judgment. This is a sensitive and potentially embarrassing document that is only accessible from the State by court order.  It should remain under seal.

Fourth, as already stated, Plaintiffs' Exhibit 40 addresses G.H. and her brother—two minors unrelated to the claims currently before the Court on summary judgment. G.H. is a former plaintiff in this lawsuit and has since settled and dismissed her claims. (ECF No. 122.)  Her brother was never a plaintiff at all, maintaining his right to privacy as a non-party minor. Because neither minor child is a current plaintiff and because the content of this letter will not form the basis for the Court's decision on summary judgment, Plaintiffs' Exhibit 40 should remain under seal. *Skky*, 191 F. Supp. 3d at 980.

III) **REDACTIONS NEEDED**

Finally, Defendant's Exhibits DD, HH, II, and III have all been filed unredacted as to the private information of minor children. Should the Order (ECF No. 155) to unseal remain unchanged, Plaintiffs respectfully ask the Court to order these particular exhibits

refiled with minor names and birthdates redacted pursuant to Federal Rule 5.2 and relevant statutes. Such redactions are necessary to protect the minors' right to privacy in this litigation.

## CONCLUSION

Children are afforded special protections under the law. Their safety and well-being should be weighed against the public's interest in underlying documents at summary judgment. For these reasons, Plaintiffs respectfully ask the Court for further consideration of sealing as to eight exhibits filed in connection with Defendant's motion for summary judgment and the response and reply.

Dated: November 11, 2021

**NICHOLS KASTER, PLLP**

/s/Melanie A. Johnson
Matthew H. Morgan, MN Bar No. 304657
Rebekah L. Bailey, MN Bar No. 0389599
Melanie A. Johnson, MN Bar No. 0400814
Laura A. Baures, MN Bar No. 0392081
4700 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone (612) 256-3200
Fax (612) 338-4878
morgan@nka.com
bailey@nka.com
mjohnson@nka.com
lbaures@nka.com

**PUBLIC JUSTICE, P.C.**
Adele P. Kimmel, *pro hac vice*
Alexandra Z. Brodsky, *pro hac vice*
1620 L Street NW
Suite 630
Washington, DC 20036

Telephone (202) 797-8600
Fax (202) 232-7203
akimmel@publicjustice.net
abrodsky@publicjustice.net

**ATTORNEYS FOR PLAINTIFFS**